## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE
## KNOXVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **CASE NO. 3:19-bk-31431-SHB** |
| KEVIN L. TRENT, | ) | |
| | ) | **JUDGE BAUKNIGHT** |
| | ) | |
| Debtor. | ) | **CHAPTER 7** |

### HOMETRUST BANK'S RESPONSE TO DEBTOR'S OBJECTION TO CLAIM # 3 OF HOMETRUST BANK

HomeTrust Bank ("HomeTrust"), a creditor in this bankruptcy case, by and through its attorneys, respectfully submits this Response to the Debtor, Kevin L. Trent's Objection **[Docket Entry # 68]** (the "Objection") to HomeTrust's claim in this bankruptcy case. In support of this Response, HomeTrust would show the Court as follows:

1.      The Debtor, Kevin L. Trent, commenced this bankruptcy case by filing a Petition under Chapter 7, Title 11 U.S.C. with the Clerk of this Court on May 7, 2019.

2.      HomeTrust is a creditor of the Debtor and this bankruptcy estate holding a claim (the "Claim") in the amount of $6,210,179.44 secured by valid, properly perfected, unavoidable, first priority liens against the Debtor's interest in certain real property commonly known as 2266 Wild Pear Trail in Dandridge, Jefferson County, Tennessee ("2266 Wild Pear") and 970 South Outer Drive, Morristown, Hamblen County, Tennessee ("970 S. Outer") (2266 Wild Pear and 970 S. Outer are hereinafter collectively referred to as the "Real Property") as evidenced by (i) a Promissory Note (the "Note") dated June 2, 2003 executed by the Debtor and his non-filing co-debtor spouse, Julianna R. Trent (the "Co-Debtor") in the original principal amount of $441,600.00; and (ii) a Deed of Trust (the "Deed of Trust") dated June 2, 2003 executed by the Debtor and Co-Debtor granting a lien against the Real Property recorded in Book 574, Page 464 in the Register of Deeds Office for Jefferson County, Tennessee and in Book 959, Page 660 in the Register of Deeds Office

1

for Hamblen County, Tennessee. True and accurate copies of the foregoing Note and Deed

of Trust are attached to HomeTrust's Proof of Claim filed in this bankruptcy case **[Court**

**Claim Register, Claim # 3]** and are incorporated herein by reference.

3.    HomeTrust is also a creditor of the Debtor and this bankruptcy estate as

evidenced by a Commercial Guaranty executed by Debtor dated February 15, 2018

guaranteeing any and all debts of G.W. Wyatt Contracting, LLC ("Wyatt Contracting") to

HomeTrust. Wyatt Contracting is indebted to HomeTrust as evidenced by a Promissory

Note dated February 15, 2018 (the "Wyatt Contracting Note") in the original principal

amount of $5,000,000.00 and a Notice of Assignment of Account (the "Assignment") dated

April 17, 2019 (the "Guaranteed Indebtedness") (The obligations of the Note, and any and

all modifications, renewals and extensions thereof, and the Guaranteed Indebtedness are

hereinafter collectively referred to as the "Indebtedness").  True and accurate copies of the

Guaranty and Wyatt Contracting Note are attached to HomeTrust's Proof of Claim filed in

this bankruptcy case and are incorporated herein by reference.  A true and accurate copy of

the Assignment is attached as **Exhibit A** and is incorporated herein by reference.

4.    HomeTrust is the current owner and holder of the Note, Deed of Trust,

Guaranty, the Wyatt Contracting Note and the Assignment.

5.    Pursuant to the Deed of Trust, the Real Property secures the entire

Indebtedness.

6.    Upon information and belief, the Debtor owns all of the Real Property with

his non-filing Co-Debtor spouse as tenants by the entireties.

7.    The Debtor has not made any payments to HomeTrust since the

commencement of this bankruptcy case.

8.      As a matter of law, unless the estate consists of a surplus, a debtor in a case under Chapter 7, Title 11 U.S.C., to whom there will be no surplus to pay following liquidation of estate assets, does not have standing to object to a Proof of Claim.

9.      At this time, HomeTrust lacks sufficient information to form a belief as to the truth of the Debtor's allegation that his signature on the Guaranty was forged. Tennessee law recognizes a presumption in favor of the validity and regularity of written instruments. To overcome this presumption, the party challenging a written instrument has the burden of proving the invalidity of the writing.  As a matter of Tennessee law, a party challenging the existence of their own signature on a document bears the burden of showing, by a preponderance of the evidence, that he did not sign the document in question.

10.      HomeTrust reserves the right to amend and/or supplement this Response based upon the discovery of additional facts.

**WHEREFORE**, based upon the foregoing, HomeTrust Bank respectfully requests that the Court schedule a hearing on the Debtor's Objection and, at said hearing, that the Court allow its Claim and grant it any other and further relief to which it deems HomeTrust entitled.

Respectfully submitted,

**VAN WINKLE, BUCK, WALL, STARNES
AND DAVIS, P.A.**

**By;  _/S/MARK A. PINKSTON/JAMES DAVID NAVE_**
MARK A. PINKSTON
JAMES DAVID NAVE
***Attorneys for Creditor***
***HomeTrust Bank***
P.O. Box 7376
Asheville, North Carolina 28802
(828) 258-2991
Fax (828) 257-2767
mpinkston@vwlawfirm.com
dnave@vwlawfirm.com

## CERTIFICATE OF SERVICE

I certify that on this 8th of August, 2019, I served a true and accurate copy of the foregoing Response to Debtor's Objection to Claim through the Court's Electronic Case Filing system, except where as indicated service was made through the United States Mail, First Class, postage prepaid, upon the following:

Ann Mostoller                                   *served through ECF*
Chapter 7 Trustee
136 South Illinois Ave.
Suite 104
Oak Ridge, TN 37830

Ryan E. Jarrard                                 *served through ECF*
Attorney for Debtor
Quist, Fitzpatrick & Jarrard
2121 First Tennessee Plaza
Knoxville, TN 37929

Tiffany A. Diiorio                              *served through ECF*
Office of the United States Trustee
800 Market Street, Suite 114
Howard H. Baker, Jr. U.S. Courthouse
Knoxville, Tennessee 37902

Walter N. Winchester                            *served through ECF*
Attorney for Pinnacle Bank
Suite 1000, First Tennessee Plaza
800 South Gay Street
P. O. Box 2428
Knoxville, TN 37929

Jerry W. Laughlin                               *served through ECF*
Attorney for Consumer Credit Union
100 South Main Street
Greeneville, TN 37743-4922

Shelia E. Calello                               *served through ECF*
Attorney for CC Funding
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102

Alexandra E. Dugan                          *served through ECF*
Attorney for CC Funding
Bradley, Arant, Boult, Cummings LLP
1600 Division Street, Suite 700
Nashville, TN 37203

Melissa Jane Lee                            *served through ECF*
Attorney for CNA Surety and Western Surety Company
Manier & Herod
1201 Demonbreun Street
Suite 900
Nashville, TN 37203


All Parties Requesting Notice.             *served through ECF*


*/S/ JAMES DAVID NAVE*
JAMES DAVID NAVE

4850-8975-6830, v. 1